IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MAURICE MOORE, | |
|---|---|
| Plaintiff, | 4:17-CV-3056 |
| vs. | |
| SOCIAL SECURITY ADMINISTRATION; LOCAL DIRECTOR LISA; and NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the defendants' motion to dismiss for lack of subject matter jurisdiction. Filing 14. That motion will be granted.

Maurice Moore, proceeding *pro se*, has sued the Social Security Administration, "Local Director Lisa," and Commissioner Nancy A. Berryhill (collectively, "SSA") for alleged constitutional and state law violations. Those claims appear to derive from the SSA's withholding of funds from two of Moore's supplemental income checks as an offset for a prior overpayment. By withholding those funds, Moore claims that the SSA violated "the Social Security Administration Title 16 Repayment Contrat [sic] Agreement." Filing 1 at 2. Moore seeks monetary relief for the SSA's "intentional discriminatory practices," and a declaration that the SSA "deprive[d him] of protected rights under the 5th and 14th Amendments[.]" Filing 1 at 4 (emphasis omitted). The SSA moves to dismiss Moore's complaint under Fed. R. Civ. P. 12(b)(1), claiming that Moore has failed to exhaust his administrative remedies. Filing 16 at 6-7.

The SSA may recover overpayments of benefits to Social Security recipients. 42 U.S.C. § 1383(b)(1). One way of doing so is by reducing the amount of the recipient's future benefits payments until the entire overpayment has been recovered. *Id.*; 20 C.F.R. § 416.570. Before the SSA can initiate that process, however, it must notify the overpaid recipient of its intent to recover the payments. 20 C.F.R. 416.558. After receiving that notification, the recipient may appeal the SSA's determination by submitting a request for reconsideration within 60 days. 20 C.F.R. § 416.1409. That request, if submitted, is the first step in the standard process for appealing an SSA determination. 20 C.F.R. §§ 416.1400, 416.1407.

The administrative record in this case is unclear. It appears, however, that the SSA notified Moore of its intent to recover overpaid funds through a reduction in his subsequent benefits payments. According to the SSA, Moore then filed a request for reconsideration, which the SSA denied.[1] *See* filing 15-1 at 1-2. Moore has taken no further administrative actions concerning the disputed withholdings. Filing 15-1 at 2.

The Court's jurisdiction over this dispute is limited by Section 205(g) of the Social Security Act, which provides for judicial review of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The SSA contends that no "final decision" has been rendered, and that the Court therefore lacks subject matter jurisdiction over the dispute. Filing 16. The Court agrees, and the SSA's motion to dismiss will be granted.

---

[1] The SSA's Rule 12(b)(1) motion presents a "factual" challenge to this Court's jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Accordingly, the Court has considered matters outside of the pleadings, including the SSA's attached declaration, which provides limited information on Moore's administrative appeals. *Id.*; s*ee* filing 15-1.

As noted above, a benefits recipient may file a request for reconsideration, as Moore apparently did here, after receiving a notice of overpayment. 20 C.F.R. § 416.1409. A denial of that request, however, does not amount to a "final decision" of the Commissioner. Rather, the recipient must request a hearing on the SSA's denial before an Administrative Law Judge ("ALJ"). *See* 20 C.F.R. § 416.1430. If that decision is unfavorable, the recipient must seek review of the ALJ's determination by an Appeals Council. 20 C.F.R. § 416.1400(a). If the Appeals Council denies the request for review, the ALJ's decision becomes the "final decision" of the SSA. *Id.* At that point, and at that point only, the recipient may seek relief in federal court.[2] *See Quinn v. Comm'r of Social Security*, 2008 WL 4792012, at \*1-2 (E.D. Mich. 2008); *Bronstein v. Apfel*, 158 F. Supp. 2d 1208, 1210 (D. Colo. 2001).

Absent from Moore's complaint are any allegations regarding the administrative remedies, if any, he pursued following the SSA's initial determination. Without such allegations, and in light of the administrative record currently before the Court, Moore has not satisfied his burden in establishing federal jurisdiction over his claims. *See Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010) (burden lies with the party asserting jurisdiction). Indeed, there is no indication that Moore sought review—either by an ALJ or Appeals Council—of the SSA's denial of his request for reconsideration.

---

[2] The Court recognizes that waiver of administrative exhaustion under 42 U.S.C. § 405(g) may occur under "exceptional circumstances." *Titus v. Sullivan*, 4 F.3d 590, 592 (8th Cir. 1993). But that standard is satisfied only upon a showing that (1) the plaintiff's claims in district court are collateral to his claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile. *Id.* Even assuming Moore's claims are collateral to his claim of benefits (which is not entirely clear from the complaint), he has not alleged, must less demonstrated, the applicability of the second or third requirements here.

Nor can Moore execute an end run around administrative review by purporting to bring his claim pursuant to 42 U.S.C. § 1981, or styling it as a constitutional claim.[3] It is the facts alleged in a complaint, and not the legal theories, that state a claim. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). The facts Moore alleges plainly assert a claim arising out of subchapter II of the Social Security Act—and "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought" in federal court to recover on any claim arising under that subchapter except pursuant to the administrative procedures set forth above. *See* 42 U.S.C. § 405(h); *see also Weinberger v. Salfi*, 422 U.S. 749, 756-64 (1975). Accordingly, Moore's failure to exhaust his administrative remedies precludes both his claim both against the SSA and against its employees, in whatever capacity.

Thus, because the agency has not issued a "final decision" in this matter, the Court lacks subject matter jurisdiction over Moore's complaint. For those reasons, the SSA's motion will be granted, and Moore's complaint will be dismissed.

IT IS ORDERED:

1. The SSA's motion to dismiss (filing 14) is granted.

2. Moore's complaint is dismissed.

3. A separate judgment will be entered.

---

[3] Moore also relies on Nebraska statutory and constitutional provisions in his complaint, but he asserts no misconduct by state officials, and the state law provisions that he cites cannot support a claim against the federal government. *See McCulloch v. Maryland*, 17 U.S. 316, 432-36 (1819).

Dated this 2nd day of November, 2017.

BY THE COURT:

_____
John M. Gerrard
United States District Judge